Andrew **HEARY**, Plaintiff–Appellant,

v.

Gerald T. **MCFAUL**, Defendant–Appellee.

No. 02–3565.

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

Before: DAUGHTREY and GIBBONS, Circuit Judges; and MILLS, District Judge.*

### ORDER

This is an appeal from a district court judgment dismissing a civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Andrew Heary filed a complaint for monetary damages against Cuyahoga County [Ohio] Sheriff Gerald McFaul in his individual and official capacities for the alleged deprivation of civil rights accompanying the forced sale of Heary's personal property. McFaul responded and the parties consented to vesting the magistrate judge with final decision making authority. The magistrate judge subsequently granted McFaul's motion to dismiss the complaint for failure to state a claim for relief and this appeal followed.

This court accepts the factual allegations in the complaint as true and reviews an order of dismissal entered on the authority of Fed.R.Civ.P. 12(b)(6) de novo. *Hammons v. Norfolk S. Corp.*, 156 F.3d 701, 704 (6th Cir.1998). A de novo review of the record and law supports the judgment on appeal.

Heary and his ex-wife, Donna Taylor, ended their marriage with a series of contentious legal battles over child custody, support and property division. Taylor apparently procured a money judgment totaling over $50,000 against Heary in state court for support and attorney fees. Heary did not pay the judgment, so Taylor executed a judgment lien by attaching Heary's sailboat for auction at a Cuyahoga County Sheriff's sale. On November 19, 1999, the sale took place with Heary's attorney in attendance. The boat was not sold for cash, so McFaul executed a Sheriff's Bill of Sale in the amount of $21,334 (the minimum cash bid that would have been accepted for the boat) and transferred title to the boat to Taylor's attor-

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

ney. Heary took state court appeals from the divorce decree and the attachment and sale of this boat. The Ohio appellate court found that attachment and subsequent transfer of title of Heary's boat were regular under Ohio law. *Heary v. Heary,* Nos. 76833, 77049, 78180, 2000 WL 1754003 (Ohio Ct.App. Nov. 30, 2000).

Heary filed the present complaint against McFaul in federal district court in 2001. Heary specifically noted that the Sheriff's sale violated Heary's right to "due process in that [Heary] was not provided with notice of the sale and the sale was conducted without adequate advertising of said Sheriff's sale." Heary also claimed a violation of Ohio law in the execution of a Sheriff's Bill of Sale to Taylor's attorney without any money changing hands and without Heary having received credit towards his indebtedness to Taylor and her attorney. Heary also alleged that he had "no adequate state remedy to address Defendant's seizure of his boat and giving it to [Taylor's attorney.]" In response, counsel for McFaul moved to dismiss the complaint for a failure to state a claim for relief.

The district court (per the magistrate judge) reviewed the factual posture of the case and then parsed Heary's complaint into constitutional claims based on alleged denials of substantive and procedural due process. The court noted that Heary could not maintain a claim in substantive due process as he did not allege a violation of a specific constitutional protection incorporated into the Bill of Rights. The court also noted that Heary's procedural due process claim, whether construed as one for a deliberate or negligent deprivation, was deficient as he failed to plead and prove the inadequacy of state pre- or post-deprivation remedies. Finally, the court observed that any claim Heary may have concerning the applica-

tion of the boat's value to his indebtedness did not sound in federal constitutional tort and, in fact, could easily be brought to the attention of the state court.

Upon review, we find this appeal utterly meritless. We will therefore affirm for the reasons set forth in the decision of the magistrate judge of April 16, 2002.

Accordingly, the district court's judgment is affirmed.